740 P.2d 1190

**Mariano H. HERRERA,
Plaintiff-Appellant,**

v.

**Raul A. SEDILLO, Defendant-Appellee.**

**No. 9419.**

Court of Appeals of New Mexico.

July 14, 1987.

James R. Beam, Mark Shapiro, Albuquerque, for plaintiff-appellant.

Jonathan E. Zorn, Butt, Thornton and Baehr, P.C., Albuquerque, for defendant-appellee.

**OPINION**

MINZNER, Judge.

Plaintiff appeals from summary judgment in an action for legal malpractice. The district court found defendant immune from suit under the Public Defender Act, *see* NMSA 1978, Sections 31–15–1 to 31–15–12 (Repl.Pamp.1984 & Cum.Supp.1986), and the Indigent Defense Act, *see* NMSA 1978, Sections 31–16–1 to 31–16–10 (Repl.Pamp. 1984). We affirm.

Defendant represented plaintiff in a criminal case in 1983. Plaintiff was convicted. Plaintiff's complaint alleged that as a result of defendant's negligence in reviewing the judgment and sentence, and failing to correct errors in the judgment

and sentence entered by the court, plaintiff was incarcerated unnecessarily for a period of approximately one year. No issue is raised by the pleadings other than assertions of professional negligence.

Defendant answered that he was appointed to represent plaintiff under the Indigent Defense Act and is immune from civil suit under the terms of that act. § 31–16–10. Plaintiff argues that in fact defendant was retained under contract to the Public Defender and was representing plaintiff under the Public Defender Act, which contains no provision with respect to immunity. Plaintiff contends the immunity provided by Section 31–16–10 does not apply. Section 31–16–10 provides that "[n]o attorney assigned or contracted with to perform services under the Indigent Defense Act shall be held liable in any civil action respecting his performance or nonperformance of such services."

We note that the record contains both an order appointing defendant as counsel and a copy of a contract between defendant and the Public Defender Department. Under that contract defendant agreed to render legal services to indigents for whom the Public Defender has responsibility under "the Public Defender Act, Indigent Defense Act, other New Mexico or federal authority, and/or Order of the New Mexico Supreme Court." We assume, but need not decide, that when defendant represented plaintiff he was acting under the authority of the Public Defender Act.

■ Statutes which relate to the same class of things are in pari materia. *State ex rel. State Park & Recreation Comm'n v. New Mexico State Auth.*, 76 N.M. 1, 411 P.2d 984 (1966). A reading of the Indigent Defense Act and the Public Defender Act indicates that the two acts together provide a statutory scheme for providing counsel to indigent criminal defendants. The Indigent Defense Act gives indigent defendants the right to free counsel, thereby recognizing their sixth amendment rights. The Public Defender Act, enacted later, provides an administrative agency for accomplishing this objective. The supreme court has held that these two acts are in pari materia. *State v. Rascon*, 89 N.M. 254, 550 P.2d 266 (1976).

■ Statutes which are in pari materia should, as far as reasonably possible, be construed together as though they constitute one law. *New Mexico Mun. League, Inc. v. New Mexico Env. Improvement Bd.*, 88 N.M. 201, 539 P.2d 221 (Ct.App. 1975). Section 31–16–10 provides that "[n]o attorney assigned or contracted with to perform services under the Indigent Defense Act ... shall be held liable in any civil action respecting his performance or nonperformance of such services." The Public Defender Act does not contain any language about immunity or lack of immunity. Reading the two acts in pari materia, we hold that the legislature intended the immunity granted to attorneys appointed under the Indigent Defense Act to apply also to those appointed because they are under contract to the Public Defender. We can discern no reason for the legislature to differentiate between the two classes of appointed counsel.

In finding defendant immune from suit, the trial court correctly construed the two acts as one. For this reason, the judgment of the trial court is affirmed. No costs are awarded.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.